FILED
SUPERIOR COURT
OF GUAM

2021 MAY -3 PM 2: 58

CLERK OF COURT
BY: _____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| DEAN E. BATES,<br><br>Plaintiff,<br><br>vs.<br><br>ROSANIA T. BATES,<br><br>Defendant. | **Superior Court Case No. <u>DM0489-19</u>**<br><br>**DECISION AND ORDER RE MOTION FOR PARTIAL SUMMARY JUDGMENT** |

The Court here considers whether Defendant Rosania Bates' counterclaim for divorce on grounds of adultery is time-barred. Upon reviewing the undisputed evidence in this matter, the Court finds that a genuine issue of material fact remains on this issue. The Court therefore DENIES Plaintiff Dean Bates' Motion for Partial Summary Judgment.

## I.    <u>UNDISPUTED FACTS</u>

1.  The parties married in 1986. Compl. For Divorce § II (Aug. 30, 2019); Countercl. ¶ 2 (Oct. 22, 2019).

2.  In 2003, Dean moved to Guam while Rosania remained in Palau. Decl. Dean Bates ¶ 7 (Oct. 29, 2020).

3.  In 2011, Rosania found a love note Dean wrote for "Alma," also known as Marilou Almonte. Supp. Memo., Ex. A at 31:24 - 33:5 (Mar. 31, 2021).

4.  In 2016, Dean informed Rosania that Alma lived at the house in Guam. Supp. Memo., Ex. A at 26:8 - 27:16. That year and thereafter, when Rosania visited Guam, she stayed in a hotel. Supp. Memo., Ex. A at 27:10-13.



5. Dean continues to live with Alma. Supp. Memo., Ex. C (stating that from November 2016 to present, Dean's girlfriend and her daughter live at his home full time).

6. Dean has had other affairs but did not inform Rosania of those other extramarital encounters.

> DEAN BATES: From early 2009 onward, I have had several casual sexual encounters with women from Philippines, Taiwan, South Korea, China, Chuuk and Guam.
>
> ATTORNEY WILLIAM BRENNAN: So when did you tell Mrs. Bates about the women from the Philippines, Taiwan, Chuuk and Guam?
>
> DEAN BATES: I didn't tell her about those other ladies, except for Marilou in 2016.

Supp. Memo, Ex. B at 45:8-10, 46:5-8. Rosania confirms that Dean did not tell her about these extra-marital affairs other than his affair with Alma. Decl. Rosania Bates ¶¶ 3-5 (Mar. 31, 2021).

7. Dean filed for divorce in August 2019, eight years after Rosania found the love note and three years after he informed Rosania of Alma living at the house.

8. Following Dean's Complaint for Divorce, Rosania counterclaimed for divorce on the grounds of adultery, among other reasons. Countercl. ¶ 6.

## II.    LAW AND DISCUSSION

### A. Summary Judgment Standard

Under Guam Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Summary judgment is proper only where there is no genuine "dispute as to any material fact." GRCP 56(c).

ORIGINAL

## B. The Statute of Limitations for Adultery

A cause of action for divorce under grounds of adultery must be brought within two years "after the commission of the act of adultery, or after its discovery by the injured party." 19 GCA § 8314(a). "Adultery" is defined as the "voluntary sexual intercourse of a married person with a person other than the offender's husband or wife." 19 GCA § 8204.

The Court construes this statute of limitation by its plain meaning. *Sumitomo Const., Co., Ltd. v. Gov't of Guam*, 2001 Guam 23 ¶ 17. By its plain meaning, the limitations period runs in either of two scenarios: after the commission of the act of adultery, or alternatively, after its discovery by the injured party.

Dean's argument brings to light the issue of whether the statute of limitations starts to run when an affair begins and continues to run while an affair persists. The Court first turns to the statute's use of "the act of adultery." Under a plain meaning construction, the Court construes the term "the act," to mean that every time a spouse engages in a single act of "voluntary sexual intercourse" with another person, the spouse commits a new act of adultery. If, for example, the statute said "after the commission of adultery," and omitted the phrase "the act of adultery," such a reading would lend to an interpretation that an adulterous affair (rather than any single act thereof) begins a limitations period. The inclusion of the phrase "the act" lends to an interpretation that each adulterous act constitutes its own starting point for the purpose of the statute of limitations.

The statutory definition of adultery provides further support for the Court's interpretation. Under section 8314(a), a specific adulterous act is defined as "voluntary sexual intercourse" as opposed to any general romantic affair. This distinction is demonstrated in *Easley v. Easley*, DM0179-15. In *Easley*, the Superior Court found that, where there is evidence of a romantic but not a sexual relationship, the wife could not proceed with a claim of adultery. *Easley*,

ORIGINAL

DM0179-15 (Findings of Fact and Concls. Of Law at 6-7 (May 17, 2016)). Despite evidence of a romantic relationship, the Court's holding hinged on the fact that there was no proof of an act of sexual intercourse.

Dean relies on *Isaac v. Isaac*, 2014 Guam 21, in support of his position that Rosania cannot claim that he committed adultery when she knew of his affair with Alma for more than two years before the case. Dean believes this also bars Rosania from bringing a claim of adultery involving any other person. In *Isaac v. Isaac*, 2014 Guam 21, the parties reconciled after the wife had an adulterous affair. There was no evidence that the wife had an affair after the reconciliation. While the trial court granted a divorce based on adultery, the Guam Supreme Court ruled that section 8314 barred such grounds for divorce when raised more than two years after the act of adultery.

The Court finds, however, that *Isaac* is distinguishable from the current case because the affair in *Isaac* ended; Dean's general affair continues to this day. Furthermore, the Guam Supreme Court in *Isaac* noted no proof of "any act of adultery" after the parties reconciled. This reinforces this Court's focus on the phrase "the act."

*Isaac* also relies on *Taylor v. Taylor*, 186 P.2d 1015 (Cal. App. 1948). In that case, the defendant committed adulterous acts before and after the two years prior to the complaint. The California appellate court affirmed the judgment of divorce on the grounds of adultery for those acts which occurred within the prior two years. Also, while acts of adultery more than two years old could not be a basis for divorce based on adultery, even such acts were admissible to show the adulterous disposition of the defendant, which supported a separate claim for extreme cruelty.

Based on the plain language of section 8314, the Court finds that any act of voluntary sexual intercourse between Dean and a person other than Rosania constitutes a ground for divorce of adultery. Because Dean continues his affair with Alma to this day, there is a genuine

ORIGINAL

issue of material fact that he has had voluntary sexual intercourse with her in the last two years.

Also, because Rosania did not discover Dean's other sexual partners until his recent deposition, Rosania's claim that Dean committed adultery with other partners remains a viable claim.

## III.     CONCLUSION AND ORDER

Because there is a genuine issue of material fact on whether Dean has engaged in adultery in the past two years, his Motion for Partial Summary Judgment is DENIED.

SO ORDERED this 3rd day of May 2021.

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

Appearing Attorneys:
Michael J. Berman, Esq., Berman O'Connor & Mann, for Plaintiff Dean E. Bates
Joaquin C. Arriola, Jr., Esq., and William B. Brennan, Esq., Arriola Law Firm, for Defendant
    Rosania T. Bates

ORIGINAL